UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

v.                                    CASE NO. 8:22-cv-2249-SDM-MRM

FRANCO ISOPO, et al.,

    Defendants.
_____/

**ORDER**

    Defending the insureds in a state-court action but asserting a "reservation of [] right" to dispute coverage of the claim, Atain Specialty Insurance Company sues (Doc. 1) the insureds — Fanco and Mary Isopo — and the state-court plaintiff — Shaun Anderson — for a declaration that the Isopos' policy excludes coverage of the claims asserted in the state-court action and that, consequently, Atain owes no duty to defend the Isopos.

    Atain moves (Doc. 21) for summary judgment and argues that the policy's "auto exclusion" exempts Atain from any duty to defend the Isopos because the state-court complaint demonstrates that the action "arises out of or in connection with an auto." The Isopos and Anderson respond (Docs. 27 and 28) and Atain replies (Docs. 31 and 32).

## BACKGROUND

The record in this action, including the state-court complaint (Doc. 1-1) and the Isopos' policy (Doc. 1-2), reveals the following undisputed facts. In July 2020, near the intersection of Spring Hill Drive and Abby Avenue in Springhill, Florida, a car driven by Jeffrey Pierce collided with a car driven by Shaun Anderson. After the accident, Anderson sued (Doc. 1-1) Pierce, as well as the Isopos, who own property abutting the intersection. The state-court complaint alleges that the Isopos maintained "excess and poorly placed signage" on the property at the corner of the intersection. The signs, the complaint continues, "obstructed or interfered with the view of motorists approaching and entering the intersection" and violated a municipal ordinance that attempts "to improve vehicular and pedestrian safety" by regulating sign placement near intersections. Thus, the complaint concludes, the Isopos' signs constitute common-law and *per se* negligence that "caused or contributed to" the car accident.

After learning of Anderson's claim and before Anderson sued, the Isopos reported the claim to Atain, with whom the Isopos maintained a commercial property and general liability insurance policy covering the Spring Hill property. (Doc. 1-2) In an amendment titled "Aircraft, Auto or Watercraft Exclusion" (Doc. 1-2 at 81), the Isopos' policy excludes from liability coverage any "[b]odily injury or property damage arising out of or in connection with any auto . . . ." But the amendment concludes that "[t]his exclusion does not apply to" six circumstances, including

"[p]arking an auto on or on the ways next to, premises [the insured] own[s] or rent[s], provided the auto is not owned or rented by . . . any insured."

In response to the Isopos' notice of Anderson's claims, Atain sent the Isopos' lawyer a letter (Doc. 1-3) reserving Atain's "rights to limit or deny coverage" of the claims. Although "not denying coverage" and noting that Atain "ha[s] very little information about the collision," the letter states that the "Aircraft, Auto, or Watercraft Exclusion likely bars coverage for [Anderson's] claims." (Doc. 1-3 at 6) The letter concludes (1) with a declaration that "Atain continues to reserve its rights . . . under the [policy], including but not limited to . . . the right to investigate, deny coverage in part or whole, seek a judicial determination in a declaratory judgment action, and seek reimbursement of any non-covered attorneys' fees and costs," and (2) with a request that the Isopos send Atain additional information "within the next [fourteen days]." (Doc. 1-3 at 7–8)

In September 2022, after Anderson sued the Isopos, Atain sent the Isopos' lawyer another letter (Doc. 1-4), this one titled "supplemental reservation of rights." Although continuing to reserve Atain's "rights to limit or deny coverage for the claims [or] lawsuit," the letter reports that Atain has "agree[d] to participate in [the Isopos'] defense under this reservation of rights and has retained" counsel to defend the Isopos. The letter introduces "Carlos A. Morales," the lawyer that Atain retained to represent the Isopos, and in the same paragraph "expressly reserves" Atain's "right to file a declaratory judgment or recission action to recoup [from the Isopos] any defense costs . . . should it be determined that there is no coverage for" the state-court

- 3 -

action. The letter continues, "Should the Isopos not agree to this defense . . ., Atain asks that [the Isopos] notify Atain within fourteen days of receipt of th[e] letter." "Otherwise," the letter reports, "Atain will assume that the Isopos are in agreement." No party claims that the Isopos responded to either letter. And on October 3, 2022, Morales appeared in the state-court action as counsel for the Isopos.[1]

The state-court action pends. And in this action, Atain sues (Doc. 1) for a declaration that the "auto exclusion" in the Isopos' policy excludes the state-court action from coverage and that Atain owes no duty to defend the Isopos in the state-court action. Also, the complaint requests a declaration that the absence of Atain's duty to defend "necessarily" means that Atain owes no duty to indemnify the Isopos for any liability in the state-court action and that Atain "is entitled to recover all defense costs incurred to date to defend the Isopos in the [state-court action]." (Doc. 1 at 10–11) Atain moves (Doc. 21) for summary judgment and rests on (1) the state-court complaint, (2) the policy, and (3) the two "reservation of rights" letters. Each defendant opposes (Docs. 27 and 28) summary judgment, and Atain replies (Docs. 31 and 32) in accord with Local Rule 3.01(d).

## DISCUSSION

Moving (Doc. 21) for summary judgment, Atain argues that the state-court complaint conclusively demonstrates that the state-court action "arises out of or in connection with an[] 'auto'" and that the action thus invokes the "auto exclusion" in

---

[1] In accord with Rule 201, Federal Rules of Evidence, this order takes judicial notice of the record in *Shaun Anderson v. Michael Pierce, et al.*, Case No. 2022-CA-590 (Fla. 5th Jud. Cir. 2022).

the Isopos' policy. And because no exception to the exclusion even arguably applies, the motion continues, the state-court action is excluded from coverage under the policy and Atain owes no duty to defend the Isopos. Thus, the motion concludes, Atain (1) may cease defending the Isopos, (2) owes no duty to indemnify the Isopos, and (3) may recover any defense costs in accord with the two "reservation of rights" letters that Atain sent the Isopos.

In response, both the Isopos and Anderson challenge whether the state-court complaint invokes the "auto exclusion" or demonstrates that no exception to the exclusion applies. (Docs. 27 at 5–10 and 28 at 5–7). Also, the Isopos insist that, even if Atain owes no duty to defend the Isopos, Atain should not be "entitled to recoup its defense costs" from the Isopos. In each reply (Docs. 31 and 32), Atain supports the conclusion that the state-court action invokes the auto exclusion and supports Atain's right to recover from the Isopos any defense costs that Atain incurred.

*Atain's Duty to Defend the Isopos*

An insurer's duty to defend an insured depends "solely [on] the allegations in the [state-court] complaint against the insured, not [on] the true facts of the cause of action [or] the insured's version of the facts . . . ." *State Farm Fire & Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004) (citing *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.*, 771 So. 2d 579, 580–81 (Fla. 4th DCA 2000)). An insurer must defend an insured if, after resolving "any doubts" in favor of the insured, the state-court complaint alleges facts "that bring the injury within the policy's coverage." *Steinberg*, 393 F.3d at 1230. But a district court "need not stretch the allegations beyond reason

to impose a duty on the insurer." *Trailer Bridge, Inc. v. Ill. Nat. Ins. Co.*, 657 F.3d 1135, 1144 (11th Cir. 2011). An insurer bears no duty to defend an insured if the state-court complaint demonstrates that the action falls either beyond the policy's coverage or within an explicit exclusion from coverage.

According to *State Farm Fire & Casualty Co. v. Castillo*, 829 So. 2d 242, 244 (Fla. 2002), the interpretation of an insurance policy "is a question of law" susceptible to summary judgment. Unless the policy defines a relevant term, the policy must bear "a reasonable, practical[,] and sensible interpretation consistent with the intent of the parties — not a strained, forced or unrealistic construction." *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 736 (Fla. 2002); *see Castillo*, 829 So. 2d at 244 ("[T]erms [] in an insurance policy should be given their plain and unambiguous meaning as understood by the 'man-on-the-street.'"). [2]

As discussed, the "auto exclusion" in the Isopos' policy excludes, with six exceptions, coverage for damages "arising out of or in connection with any 'auto'" (Doc. 1-2 at 81), which the policy defines to include a car. Employing a sensible interpretation of the exclusion, Atain and the Isopos agree that the two-car accident injuring Anderson plainly "aris[es] out of or in connection with" at least one (if not both) of the cars.

---

[2] Because Atain's duty to defend depends on (1) the state-court complaint (Doc. 1-1) and (2) the Isopos' policy (Doc. 1-2), summary judgment is appropriate despite the defendants concern that discovery in this action remains open until October 3, 2023. (Docs. 27 at 1; 28 at 2) No defendant identifies any document that might alter either the allegations in the produced complaint or the terms of the produced policy.

Anderson, however, cites *Maxum Indemnity Co. v. Wagon Wheel Flea Market*, 2016 WL 9525227 (M.D. Fla. 2016) (Scriven, J.), and seemingly argues under the "efficient proximate cause doctrine" and the "concurrent cause doctrine" that the action in fact "arises out of" the Isopos' signs — not either car. (Doc. 28 at 5–6) But *Wagon Wheel Flea Market*, 2016 WL 9525227, at *3, concludes that "the concurrent and efficient cause doctrines are irrelevant" to a policy's excluding from coverage an action "arising out of or in connection with any 'auto.'" Whatever the efficient or concurrent proximate causes, the state-court action "aris[es] out of or in connection with" a car. Thus, Atain owes no duty to defend the Isopos unless the state-court action invokes one of the six exceptions to the auto exclusion.

Attempting to avoid the auto exclusion, the Isopos insist (Doc. 27 at 5–6) that the state-court action "arguably" invokes the auto exclusion's third exception, which states: "This exclusion does not apply to . . . [p]arking an 'auto' on or on the ways next to, premises [the insured] own[s] or rent[s], provided the 'auto' is not owned by or rented or loaned to [] any insured[.]"[3] (Doc. 1-2 at 81) Specifically, the Isopos assert that this exception "arguably applies" to the state-court action (1) "if either motorist was exiting the parking lot owned by the Isopos at the time of the [] collision"; (2) "if, just prior to the collision, either motorist double parked on the street[] next to the Isopos' property"; or (3) "if, just prior to the collision, either motorist parked on the street next to the Isopos' property to safely take a phone call."

---

[3] No party suggests that the state-court action invokes any of the other five exceptions to the auto exclusion.

In urging that the parking exception "arguably applies" to the state-court claim, the Isopos propound both a "strained, forced, and unrealistic" interpretation of the parking exception, *Siegle*, 819 So. 2d at 736, and an interpretation of the state-court complaint that "stretch[es] the allegations beyond reason." *Trailer Bridge, Inc.* 657 F.3d at 1144. No allegation in the state-court complaint plausibly suggests that either Anderson or Pierce was "parking" a vehicle at the time of the accident. In fact, the allegations, although parsimonious, plausibly suggest the opposite.

The state-court complaint alleges (1) that Pierce "collided" with Anderson (Doc. 1-1 at 3), (2) that the signs on the Isopos' property obstructed the view "of motorists approaching and entering the intersection" of Abby Avenue and Spring Hill Drive (Doc. 1-1 at 4), and (3) that Anderson "was travelling adjacent to" the Isopos' property just before the collision (Doc. 1-1 at 5). These allegations permit only the following plausible inferences: Pierce and Anderson were driving their respective cars, that is, not parked, at the time of collision; the collision occurred when both Pierce and Anderson drove into the intersection of Spring Hill Drive and Abby Avenue; and because the Isopos' signs allegedly obstructed each driver's view of the other driver, each driver entered the intersection from a road adjacent to the Isopos' property. In other words, when Anderson and Pierce crashed, each driver had already passed the Isopos' property. No reasonable interpretation of the parking exception includes an accident between two cars after both have driven past the covered

property.⁴ Because the state-court action "aris[es] out of . . . an auto" and invokes no exception to the auto exclusion, the policy excludes coverage for the claim in the state-court action and Atain owes no duty to defend the Isopos.

*Atain's Duty to Indemnify the Isopos and Right to Recover Defense Costs*

In addition to, and because of, the declaration that Atain owes no duty to defend the Isopos, Atain requests a declaration (1) that Atain owes no duty to indemnify the Isopos for any potential liability in the state-court action and (2) that Atain may recover the cost of defending the Isopos in the state-court action. No defendant contends that Atain owes a duty to indemnify the Isopos. But the Isopos dispute whether Atain may recover the cost of defending the Isopos.

First, although the duty to defend an insured remains distinct from the duty to indemnify the insured, "[t]he duty to defend is . . . broader than the duty to indemnify." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). Accordingly, *Fun Spree Vacations, Inc. v. Orion Insurance Co.*, 659 So. 2d 419, 422 (Fla. 3d DCA 1995), holds that an insurer who owes no duty to defend an insured in an action "correspondingly" owes "no duty to indemnify" the insured's liability in the action. *See Travelers Indem. Co. of Conn. v. Richard McKenzie & Sons, Inc.*, 10 F.4th 1255, 1260 (11th Cir. 2021) (citing *Fun Spree Vacations, Inc.*, 659 So. 2d at 422). Because Atain owes no duty to defend the Isopos, Atain

---

⁴ In response, the Isopos insist that the parking exception "arguably applies" if "either motorist was exiting the parking lot owned by the Isopos at the time of the accident." (Doc. 27 at 8) But the Iposos offer no argument to support this interpretation. And no reasonable definition of "parking" extends the verb to a driver's entering a vehicle, leaving the parking lot, and driving to the next destination.

"correspondingly" owes no duty to indemnify the Isopos for any liability in the state-court action.[5]

Second, under *Jim Black & Associates v. Transcontinental Insurance Co.*, 932 So. 2d 516, 518 (Fla. 2d DCA 2006), and *Colony Insurance Co. v. G&E Tires & Service, Inc.*, 77 So. 2d 1034, 1039 (Fla. 1st DCA 2000), an insured who accepts a lawyer offered by the insurer "necessarily agrees to the terms on which [the insurer] extend[s] the offer." And an insured may accept an insurer's lawyer by acquiescence, especially if the insurer "give[s] the insured a specific, reasonable time [] within which to accept or reject the offer of a defense conditioned upon the reimbursement of fees and costs." *Nationwide Mut. Fire Ins. Co. v. Royall*, 588 F. Supp. 2d 1306, 1318 (M.D. Fla. 2008) (Presnell, J.); *see Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate of Ins. No. 9214 v. Halikoytakis*, 2011 WL 7305888, at *3 (M.D. Fla. 2011) (Wilson, M.J.) (noting that "[t]he reservation of rights letters in both *Jim Black* and *Colony* contained no language stating a time limit for accepting or rejecting the defense, and in both cases reimbursement was awarded" after the insureds failed to object to the defense).

---

[5] According to *Mid-Continent Casualty Co. v. Delacruz Drywall Plastering, Inc.*, 766 Fed. Appx. 768, 770 (11th Cir. 2019), a claim predicated on an insurer's duty to indemnify usually ripens only after "'the insured is in fact held liable in the underlying suit.'" But *Delacruz Drywall*, 766 Fed. Appx. at 771, suggests that a declaration of an insurer's duty to indemnify ripens if a pending action "could under no circumstances" require the insurer to indemnify the insured. Although the state-court action pends, the declaration that Atain owes no duty to defend the Isopos compels the conclusion that Atain will owe no duty to indemnify the Isopos. *See Trailer Bridge, Inc.*, 657 F.3d at 1146 (citing *Phil. Indem. Ins. Co. v. Yachtsman's Inn Condo Ass'n, Inc.*, 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009)). Thus, Atain could under no circumstances owe a duty to indemnify the Isopos, and the request for a declaration is ripe.

- 10 -

Challenging Atain's right to recover defense costs, the Isopos primarily argue that they never agreed to the lawyer selected to defend them. (Doc. 27 at 12–13) But Atain's letter to the Isopos reports retaining Carlos A. Morales as defense counsel for the Isopos, asserts Atain's right to "file a declaratory judgment [] action and to recoup any defense costs," and instructs the Isopos to notify Atain "within fourteen [] days of receipt of th[e] letter" if the Isopos "[do] not agree to th[e] defense offered pursuant to this reservation of rights." (Doc. 1-4 at 2) Atain contends that the Isopos never objected and thus acquiesced to the offered defense. (Doc. 31 at 6) The Isopos do not dispute this claim, and the state-court docket reveals that Morales appeared on the Isopos' behalf.

In other words, the record demonstrates that the Isopos accepted the lawyer offered by Atain and thus "necessarily accepted" the terms under which Atain offered the lawyer, including Atain's right to "recoup any defense costs" if a judgment declares that Atain owes no duty to defend the Isopos. Because Atain owes no duty to defend the Isopos, Atain may recover the cost of defending the Isopos in the state-court action.

## CONCLUSION

For these reasons, the motion (Doc. 21) for summary judgment is **GRANTED**. The clerk must enter a declaratory judgment for Atain Specialty Insurance Company and against each defendant as follows:

1) Atain owes no duty to defend any party, including Franco and Mary Isopo, in *Shaun Anderson v. Jeffrey Pierce, et al.*, Case No. 2022-CA-590 (Fla. 5th Jud. Cir.);

    2)    Because Atain owes no duty to defend the Isopos, Atain "necessarily" owes no "corresponding duty to indemnify" the Isopos for any liability imposed in *Anderson v. Pierce*; and

    3)    Atain may recover from the Isopos the expenses incurred to defend the Isopos in *Anderson v. Pierce*.

The clerk must close the case.

    ORDERED in Tampa, Florida, on July 26, 2023.

                                                STEVEN D. MERRYDAY
                                      UNITED STATES DISTRICT JUDGE